[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 1201.]

IN RE RESIGNATION OF KERRIGAN.

[Cite as *In re Resignation of Kerrigan*, 1999-Ohio-298.]

*Resignation with disciplinary action pending—Gov.Bar R. V(11)(G)(3).*

(No. 99-1209—Submitted August 25, 1999—Decided September 17, 1999.)

ON AFFIDAVIT OF RESIGNATION and AUTHORIZATION AND RELEASE PURSUANT TO

GO*v*.BAR R. V(11)(G)(1).

_____

{¶ 1} On June 25, 1999, Patrick Vincent Kerrigan, Attorney Registration No. 0029651, last known business address in Youngstown, Ohio, who was admitted to the bar of this state on the 9th day of November, 1974, submitted an Affidavit of Resignation and Authorization and Release pursuant to Gov.Bar R. V(11)(G)(1). The affidavit and authorization and release were referred to Disciplinary Counsel pursuant to Gov.Bar R. V(11)(G)(2). On July 23, 1999, Disciplinary Counsel filed under seal his report with this court in accordance with Gov.Bar R. V(11)(G)(2). Upon consideration thereof,

{¶ 2} IT IS ORDERED by the court that pursuant to Gov.Bar R. V(11)(G)(3), Patrick Vincent Kerrigan's affidavit of resignation as an attorney and counselor at law be accepted and that the resignation be one with disciplinary action pending. It is further ordered that respondent cooperate with pending and future investigations conducted by the Office of Disciplinary Counsel. It is further ordered that his certificate of admission to the bar of Ohio be and the same hereby is ordered cancelled and that the name of Patrick Vincent Kerrigan be stricken from the roll of attorneys of this court.

{¶ 3} IT IS FURTHER ORDERED AND ADJUDGED that from and after this date all rights and privileges extended to Patrick Vincent Kerrigan to practice law in the state of Ohio be withdrawn; that henceforth Patrick Vincent Kerrigan

shall cease to hold himself forth as an attorney authorized to appear in the courts of this state; that he shall not attempt, either directly or indirectly, to render services as an attorney or counselor at law to or for any individuals, corporation, or society, or in any way perform or seek to perform services for anyone, no matter how constituted, that must, by law, be executed by a duly appointed and qualified attorney within the state of Ohio.

{¶ 4} IT IS FURTHER ORDERED that Patrick Vincent Kerrigan desist and refrain from the practice of law in any form, either as principal or agent or clerk or employee of another, and hereby is forbidden to appear in the state of Ohio as an attorney and counselor at law before any court, judge, board, commission, or other public authority, and hereby is forbidden to give another an opinion as to the law or its application or advise with relation thereto.

{¶ 5} IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

{¶ 6} IT IS FURTHER ORDERED that the respondent, Patrick Vincent Kerrigan, surrender his certificate of admission to practice to the Clerk of this court on or before thirty days from the date of this order.

{¶ 7} IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

{¶ 8} 1. Notify all clients being represented in pending matters and any co-counsel of his resignation and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify

the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

{¶ 9} 2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 10} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

{¶ 11} 4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 12} 5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 13} 6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

{¶ 14} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 15} IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent surrender his attorney registration card for the l999/2001 biennium.

{¶ 16} IT IS FURTHER ORDERED that until such time as he fully complies with this order, respondent shall keep the Clerk and the Disciplinary

Counsel advised of any change of address where respondent may receive communications.

{¶ 17} IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶ 18} IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

{¶ 19} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents, would not accept the resignation, and would have disciplinary proceedings go forward.

————————————