JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This is an original action for a writ of mandamus to compel the respondents, Cleveland State University, Dr. Cheryl McCahon, Interim Director of the Cleveland State University School of Nursing, and Dr. Michael Schwartz, President of Cleveland State University, to provide access to records as requested pursuant to R.C. 149.43. Because the complaint for a writ of mandamus is procedurally defective, and the requested records have either been provided or do not exist, we deny the writ.
 {¶ 2} On February 8, 2008, Andrew Bardwell, the relator, submitted a request, to the Cleveland State University School of Nursing, for"information regarding student fees as they relate to the School of Nursing." (Emphasis added.) Bardwell specifically requested the following information: (1) "Definition of `Materials Fee,' `Professional Fee,' and `Nursing 220 Kit Fee' with references."; (2) "Calculation criteria for above fees as they relate to the undergraduate courses: * * *."; (3) "Definition and prescribed usage of `Instructional Fee,' General Fee,' and Technology Fee' as used by the university."; (4) "Please indicate whether `Materials Fees' revenue and `Professional Fees' revenue are maintained in separate accounts."; and (5) "Statement of revenues and detailed expenses of each account (i.e. Materials and Professional Fee accounts) for the 2007 calendar year."
 {¶ 3} On February 22, 2008, Bardwell, by email directed to Sonali B. Wilson, Legal Counsel for Cleveland State University, requested "* * * University policy as it *Page 4 
relates to a current student's academic status (eg. (sic) Registration, graduation, application, financial, etc.) when the student files suit against the University."
 {¶ 4} On February 25, 2008, Bardwell filed his complaint for a writ of mandamus.
 {¶ 5} On February 26, 2008, McCahon informed Bardwell, via email, that no records existed with regard to the second, fourth and fifth requests, which dealt with fees and revenues. In addition, McCahon provided Bardwell with information concerning the first and third requests, which dealt with definitions. On March 5, 2008, George Hamm, Assistant Legal Counsel for Cleveland State University, via email, informed Bardwell that no policy existed regarding "a current student's academic status * * * when the student files suit against the University" and that "no public records responsive to this request for information exists."
 {¶ 6} On April 3, 2008, the respondents filed a joint motion for summary judgment with attached affidavits. On May 5, 2008, Bardwell filed a brief captioned "relator's motion for summary judgment and brief in opposition to respondents' motion for summary judgment." For the following reasons, we grant the respondents' joint motion for summary judgment and deny Bardwell's motion for summary judgment.
 {¶ 7} Initially, we find that Bardwell's complaint for a writ of mandamus is procedurally defective. Loc. App. R. 45 (B)(1)(a) provides that a complaint for an extraordinary writ must be supported by asworn affidavit, which specifies the details *Page 5 
of the claim. (Emphasis added.) Bardwell has failed to attach a sworn affidavit to the complaint for a writ of mandamus. Thus, the complaint for a writ of mandamus is procedurally defective and subject to immediate dismissal. State ex rel. Davis v. Fuerst, Cuyahoga App. No. 90553, 2008-Ohio-584; State ex rel. Edinger v. Cuyahoga Cty. Dept ofChildren Family Sen/., Cuyahoga App. No. 86341, 2005-Ohio-5453. It must also be noted that the verification attached to Bardwell's complaint for a writ of mandamus is defective, since he fails to expressly state that the facts set forth in his complaint are based on his personal knowledge. Bardwell, in his verification, simply states that "to the best of his knowledge, information and belief, the allegations and statements as set forth in this Petition are true." Bardwell's verification is defective and requires dismissal of the complaint for a writ of mandamus. State ex rel. Esarco v. YoungstownCity Council, 116 Ohio St.3d 131, 2007-Ohio-5699, 876 N.E.2d 953;State ex rel. Evans v. Blackwell, 111 Ohio St.3d 437, 2006-Ohio-5439,857 N.E.2d 88; State ex rel. Hackworth v. Hughes, 97 Ohio St.3d 110,2002-Ohio-5334, 776 N.E.2d 1050.
 {¶ 8} Notwithstanding the aforesaid procedural defects, a substantive review of the complaint for a writ of mandamus, the respondents' motion for summary judgment, and Bardwell's motion for summary judgment/brief in opposition to the relator's motion for summary judgment, fails to establish that Bardwell is entitled to a writ of mandamus. *Page 6 
 {¶ 9} The appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act, is mandamus. State ex rel. Physicians Commt.for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174. R.C. 149.43 must also be construed liberally in favor of broad access, and any doubt must be resolved in favor of disclosure of public records. State ex rel.Cincinnati Enquirer v. Hamilton Cty., 75 Ohio St.3d 374, 1996-Ohio-214,662 N.E.2d 334.
 {¶ 10} In the case sub judice, Bardwell submitted two separate requests to the respondents for alleged public records: (1) on February 8, 2008, Bardwell sought "information regarding student fees as they relate to the School of Nursing."; (2) on February 22, 2008, Bardwell sought "University policy as it relates to a current student's academic status * * * when the student files suit against the University. Please provide this information as soon as possible."
 {¶ 11} The request of February 8, 2008, encompassed five different sub-categories: (1) definition of material fee, professional fee, and nursing kit fee; (2) calculation criteria for fees as they relate to seventeen nursing courses; (3) definition of instructional fee, general fee, and technology fee; (4) inquiry as to whether material fees revenue and professional fees revenue are maintained in separate accounts; and (5) statement of revenues and detailed expenses of the materials and professional fee accounts for the 2007 calendar year. *Page 7 
 {¶ 12} Based upon the complaint for a writ of mandamus, respondents' motion for summary judgment, supporting brief and attached affidavits, we find that Bardwell's request of February 8, 2008, was not a request for specific public records, but a request for information. State exrel. Thomas v. Ohio Univ. (1994), 70 Ohio St.3d 1438, 638 N.E.2d 1041.
 {¶ 13} Assuming that Bardwell did request specific public records, we find that the requested records were either provided in a timely manner or that no public records existed for delivery to Bardwell. Paragraph 11 of the affidavit of McCahon clearly provides that:
 {¶ 14} "In examining Mr. Bardwell's request for information, I provided the information available to Mr. Bardwell. For part 1 of the request I provided the definitions requested; Part 2 there is no information responsive to this request; Part 3 the definitions were provided; for Part 4 and Part 5 the accounts were not separated in the manner requested, so there were no documents responsive to the request. I attempted to meet with Mr. Bardwell to discuss this, but the litigations was filed."
 {¶ 15} See, also, Exhibit 1-4, as attached to the respondents' motion for summary judgment, which demonstrates that the requested information has been provided to Bardwell and further delineates that no other records exist per Bardwell's request for information. The provision of the requested information renders Bardwell's request for a writ of mandamus moot. State ex rel. Calvary v. City of Upper Arlington,89 Ohio St.3d 229, 2000-Ohio-142, 729 N.E.2d 1182; State ex rel. *Page 8 Nix v. Cleveland (1998), 83 Ohio St.3d 379, 700 N.E.2d 12. In addition, the respondents possess no duty to create or provide access to nonexistent records. State ex rel. Lanham v. Smith, 112 Ohio St.3d 527,2007-Ohio-609, 861 N.E.2d 530; State ex rel. Ohio Patrolmen's BenevolentAssn. v. Mentor (2000), 89 Ohio St.3d 440, 2000-Ohio-440,732 N.E.2d 969.
 {¶ 16} Further examination of the respondents' motion for summary judgment, vis-a-vis the request of February 22, 2008, for "university policy as it relates to a current student's academic status * * * when the student files suit against the University," clearly demonstrates that no public records exist per Bardwell's second request. The affidavit of Hamm provides that no records exist with regard to Bardwell's request of February 22, 2008. See, also, Exhibit 2-2, as attached to the respondents' motion for summary judgment, which provides that:
 {¶ 17} "Cleveland State University has no policy regarding `a current student's academic status (e.g., registration, graduation, application, financial, etc.) when the student files suit against the University.' CSU regards these as distinct and separate matters. The existence of litigation between a student and the University has no effect whatsoever on the students academic status. No public records responsive to this request for information exists." *Page 9 
 {¶ 18} Once again, the respondents possess no duty to create or provide access to nonexistent records. State ex rel. Lanham v.Smith, supra; State ex rel. Ohio Patrolmen's Benevolent Assn. v.Mentor, supra.
 {¶ 19} Finally, we find that the facts pertinent to this action, as well as the affidavits supporting the respondents' motion for summary judgment, demonstrate conduct, on the part of Bardwell, that borders on the frivolous. See Civ. R. 11 and R.C. 2323.51. Bardwells' complaint specifically provides that he was informed, prior to the filing of his complaint, that "* * * the financial information requested is not maintained or separated in a way that enables her to satisfy Relator's request." See ¶ 7 of the complaint for a writ of mandamus. In addition, a lapse of a period of eleven days, with regard to the request for information concerning "a current student's academic status * * * when the student files suit against the University," cannot be considered unreasonable and a de facto failure to comply with the obligations imposed by R.C. 149.43(B). The filing of a civil action, which obviously serves to simply harass or injure another party, or is not warranted under existing law and cannot be supported by a good faith argument, will not be sanctioned by this court. State ex rel. Kreps v.Christiansen, 88 Ohio St.3d 313; 2000-Ohio-335, 725 N.E.2d 663;Shihab Assoc. Co., L.P.A. v. Ohio Dept. Of Transp.,168 Ohio App.3d 405, 2006-Ohio-4456, 860 N.E.2d 155; Moore v. Cleveland, Cuyahoga App. No. 83070, 2004-Ohio-360; State ex rel. Naples v. Vance, Mahoning App. No. 02-CA-181, 2003-Ohio-4738. *Page 10 
 {¶ 20} Accordingly, we grant the respondents' joint motion for summary judgment and deny Bardwell's motion for summary judgment. Costs to Bardwell. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B).
 {¶ 21} Writ denied.
 JAMES J. SWEENEY, A.J., and MARY J. BOYLE, J., CONCUR *Page 1