[Cite as *State ex rel. Striker v. Frary*, 2011-Ohio-1021.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL., | : | JUDGES: |
| RALEIGH M. STRIKER | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Relator | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | |
| CLERK OF COURT, | : | Case No. 10 CA 01 |
| LINDA FRARY, ET AL | : | |
| | : | |
| | : | O P I N I O N |
| Respondents | : | |

CHARACTER OF PROCEEDING:      WRIT OF MANDAMUS


JUDGMENT:                               DENIED


DATE OF JUDGMENT ENTRY:       March 4, 2011


APPEARANCES:

For Relator                                    For Respondent Daniel Smith

RALEIGH M. STRIKER, PRO SE      DAVID L. REMY
3560 Alvin Road                            Law Director, City of Mansfield
Shelby, OH 44875                          30 N. Diamond Street,  8th Fl
                                                    Mansfield, OH 44902

                                                    For Respondent Linda Frary

                                                    JAMES J. MAYER, JR.
                                                    Prosecuting Attorney,
                                                    Richland County, Ohio

                                                    By: KRISTEN L. PSCHOLK-GARTNER
                                                    Assistant Prosecuting Attorney
                                                    38 South Park Street
                                                    Mansfield, OH 44902

*Farmer, J.*

{¶1 }   Relator, Raleigh Striker, has filed a "Complaint for Peremptory Writ of Mandamus" against Respondents, Linda Frary and Daniel Smith.  Respondent Smith has filed an answer to the Complaint.  Respondent Frary filed a Motion to Dismiss pursuant to Civ.R. 12 which was converted to a motion for summary judgment and granted by this Court on June 16, 2010.

{¶2 }   We now turn to the claims against Respondent Smith.  In addition to his brief in support of his complaint for mandamus, Relator has filed a Motion for summary judgment.  Respondent Smith has filed a response in opposition to both the motion and brief.  Because they are related, we will address them together.

{¶3 }   This case arises from requests made by Relator for copies of items from Respondent Smith who is the clerk of the Mansfield Municipal Court.  Relator verbally made a request on December 2, 2009 for a copy of any recording from Mansfield Municipal Court Case Number 2006 CVH 3913, a copy of evidence submitted in that case at a hearing held on August 6, 2008, and a copy of the docket from Case Number 2006 CVH 3913 which was certified to the Richland County Court of Common Pleas.

{¶4 }   Richland County Case Number 2006 CVH 3913 was initially filed in the Mansfield Municipal Court but was transferred to the Richland County Court of Common Pleas because the counterclaim exceeded the jurisdictional limits for a municipal court.  Relator was advised by the clerk of courts that the clerk was not the custodian of the recordings and evidence.  He further was advised that the file had been transferred to the court of common pleas.

{¶5 } Thereafter, Relator presented a second request for the exact same items. The second request was made in writing and reads in pertinent part as follows:

{¶6 } "I, Raleigh M. Striker, am requesting a copy of Mansfield Municipal Court Docket case number 2006 CVH 3913;

{¶7 } Copy of recording of hearing 08/06/2008

{¶8 } Copy of all evidence presented at hearing 08/06/2008

{¶9 } Certified copy of docket case 2006CVH03913

{¶10 } Entry certifying transfer to Richland County Court of Common Pleas complying with Judgment Entry of 09/30/2009."

{¶11 } At the bottom of the request, the following notation appears, "All Court cases on this has (sic) been transferred to the County. Daniel F. Smith, Clerk 9:55 AM 12/4/09."

{¶12 } Civ. R. 56 states in pertinent part:

{¶13 } "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶14 } "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C).

{¶15 } Generally to be entitled to the issuance of a writ of mandamus, the Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; *State ex rel. Harris v. Rhodes* (1978), 5 Ohio St.2d 41, 324 N.E.2d 641, citing *State ex rel. National City Bank v. Bd of Education* (1977) 520 Ohio St.2d 81, 369 N.E.2d 1200. However, where the allegation relates solely to public records request, the Supreme Court has held, "The requirement of the lack of an adequate legal remedy, as an element of a petition for writ of mandamus, does not apply to public-records cases to compel compliance with the Public Records Act. R.C. § 149.43." *State ex rel. Glasgow v. Jones* 119 Ohio St.3d 391, 894 N.E.2d 686 (Ohio,2008) at HN 2.

{¶16 } Neither Relator's complaint nor his brief succinctly present the issues being brought before this Court.  The Court has been able to glean from the pleadings four claims against Respondent Smith.  First, Relator argues mandamus should issue because Respondent fails to place a date and time stamp on all documents presented for filing.  Second, Relator suggests Respondent failed to comply with R.C. 149.43 when he was presented with a request in writing for records and did not in turn provide legal authority for his denial of the request in writing and failed to provide the requested

records.    Next, Relator maintains Respondent Smith was not permitted to turn over records in his custody to the Court of Common Pleas without first issuing a certification. Finally, Relator urges this Court to award him statutory damages and attorney fees.

I.

{¶17 } In Relator's first claim, he argues mandamus should issue because the clerk of the municipal court fails to date and time stamp documents presented to the clerk for filing.

{¶18 } Generally, the relator in a mandamus action has the burden of proof by clear and convincing evidence to establish his case.    *State ex rel. Bardwell v. City of Lyndhurst* 2010 WL 569901, 2 (Ohio App. 8 Dist.) citing *State ex rel. Pressley v. Indus. Comm. Of Ohio* (1967), 11 Ohio St.2d 141, 161, 228 N.E.2d 631.

{¶19 } Relator has offered absolutely no evidence to support his claim that the clerk fails to date and time stamp documents presented for filing.    For this reason, the requested writ of mandamus is denied.

II.

{¶20 } Relator argues mandamus should issue because Respondent Smith failed to comply with a public records request.    Specifically, Relator complains that Respondent Smith failed to provide the requested records and failed to provide his reason for denial of the records with a written legal explanation.    He further alleges Respondent Smith failed to provide records which remained in his possession even though the case had been transferred to the common pleas court.

{¶21 } Relator presented his written request to Respondent Smith on December 4, 2009. Respondent Smith wrote on the written request, "All court cases on this has been transferred to the county. /s/ Daniel F. Smith 9:55 A.M. 12/4/09."

{¶22 } As in the first claim for relief, Relator has not offered clear and convincing evidence the records in question were in Respondent Smith's possession at the time the request was made. Respondent Smith did provide Relator with a written, legal explanation as to why he could not provide Relator with the records which were requested.

{¶23 } Relator requested four items from Respondent Smith. The first requested item is a recording of a hearing. R.C. 149.43 requires disclosure of public records from the public office responsible for those records. In the case of recordings of court proceedings, the person responsible or public office is the judge of the court or the official court reporter. Because the request was not made to the person responsible for the records, Relator has not demonstrated a clear legal duty of the Respondent to provide the requested recording.

{¶24 } The second item requested was "evidence." Not all evidence would qualify as a public record. See e.g. Ohio Attorney General Opinion No. 2007-034 (although evidence, a cigarette butt is not a public record). Further, the Clerk of Courts is not necessarily the person responsible for keeping "evidence." Relator has not provided this Court with clear and convincing evidence that the items sought under this portion of the request were public records which were required to be kept by Respondent Smith.

{¶25 } Respondent Smith contends the remaining two requested items, "Certified copy of docket case 2006CVH03913" and "Entry certifying transfer to Richland County Court of Common Pleas complying with Judgment Entry of 09/30/2009," are not documents which exist. Relator has provided no clear and convincing evidence to the contrary.

{¶26 } "[R]espondents possess no duty to create or provide access to nonexistent records. *State ex rel. Lanham v. Smith,* 112 Ohio St.3d 527, 2007 Ohio 609, 861 N.E.2d 530; *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor* (2000), 89 Ohio St.3d 440, 2000 Ohio 440, 732 N.E.2d 969." *State ex rel. Bardwell v. Cleveland State Univ.,* Cuyahoga App. No. 91077, 2008-Ohio-2819, at ¶ 15.

{¶27 } For these reasons, Relator's second claim for relief is denied.

III.

{¶28 } Next, Relator contends mandamus should issue because the municipal clerk is not permitted to transfer a case file without first issuing a "certification."

{¶29 } Because this portion of Relator's complaint does not relate to the public record statute, we must evaluate this claim under the general requirements for the issuance of a writ of mandamus.

{¶30 } In his complaint, Relator states, "[T]he said docket lacked CMMC certification, Appellate Rule 10b." Appellate Rule 10(B) is inapplicable to the transfer of a civil case from a municipal court to the court of common pleas. The civil rules, not the appellate rules, govern civil cases.

{¶31 } Relator also suggests the certification was improper pursuant to Civ.R. 3 which is the civil rule governing venue. The rules relied on by Relator are inapplicable to the issue presented relative to transfer of the cause due to jurisdictional limits.

{¶32 } Further, Relator is not a party to the underlying case, therefore, he would not be a grieved party even if he were able to demonstrate the transfer was improper. A person must be beneficially interested in the case in order to bring a mandamus action. *State ex rel. Russell v. Ehrnfelt* (1993), 67 Ohio St.3d 132.

{¶33 } The parties in the underlying case would have an adequate remedy at law to address this contention. In fact, one of the litigants in the underlying case did raise this issue with this Court on appeal in Richland County Case Number 2010 CA 0084, and this Court affirmed the judgment of the trial court.

{¶34 } For this reason, Relator's third claim for mandamus is denied.

IV.

{¶35 } Relator has prosecuted this case in a pro se capacity. The Supreme Court has consistently held pro se litigants are not entitled to attorney fees under R.C. 149.43. *State ex rel. Thomas v. Ohio State Univ.* 71 Ohio St.3d 245, 251, 643 N.E.2d 126, 131 (Ohio,1994). Further, we have not granted judgment in favor of Relator. For

these reasons, the request for statutory damages and attorney fees is denied.

By Farmer, J.

Hoffman , P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES

SGF/as

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL., RALEIGH M. STRIKER | : | |
| | : | |
| Relator | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CLERK OF COURT, LINDA FRARY, ET AL | : | |
| | : | |
| Respondents | : | Case No. 10 CA 01 |

For the reasons stated in our accompanying Memorandum-Opinion, the requested writ of mandamus is denied.

Costs to Relator.

s/ Sheila G. Farmer

s/ William B. Hoffman

s/ John W. Wise

JUDGES