[Cite as *State ex rel. Garnack v. Newark*, 2012-Ohio-4146.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, EX REL. | : | | JUDGES: |
| STEPHEN J. GARNACK | : | | Hon. Patricia A. Delaney, P.J. |
| | : | | Hon. Sheila G. Farmer, J. |
| Relator | : | | Hon. Julie A. Edwards, J. |
| | : | | |
| -vs- | : | | Case No. 11CA0104 |
| | : | | |
| CITY OF NEWARK | : | | O P I N I O N |
| | : | | |
| Respondents | : | | |

CHARACTER OF PROCEEDING:       Writ of Mandamus

JUDGMENT:       Denied

DATE OF JUDGMENT:       September 11, 2012

APPEARANCES:

For Relator       For Respondents

DAVID T. BALL       JAMIE FARMER
395 North Pearl Street       City of Newark
Granville, OH 43023       Law Director's Office
      40 West Main Street
      Newark, OH 43055

*Farmer, J.*

{¶1}    Relator, Stephen Garnack, has filed a Complaint for writ of mandamus against Respondents, City of Newark, Office of the Mayor, Mayor Bob Diebold, Office of the City Council and Council President Bruce Bain.

{¶2}    This cause of action arises out of public records requests made by Relator to Respondents for documents related to Relator's removal as Residential Programs Supervisor. Relator classifies the removal as a termination.  It is Respondents position that Relator voluntarily resigned, therefore, there was no termination.

{¶3}    Relator issued three written requests for records to Respondent prior to the filing of the instant complaint.  The first request was made on December 23, 2010. Respondents provided some records on January 25, 2011.  The second request was made on May 13, 2011, and the third request was made on June 11, 2011. Respondents provided records on June 23, 2011 and additional records on July 7, 2011.  Relator then filed a complaint for writ of mandamus detailing various records he wanted but was not provided.  Upon receiving the detailed request contained in the complaint, Respondents provided additional documents. Relator acknowledges receiving the documents. Relator believes Respondents have failed to provide one remaining set of documents: emails from Councilperson Rhodes.

{¶4}    We find the complaint to be moot except as to the request for emails from Councilperson Rhodes.  The Supreme Court has held, ""In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Toledo Blade Co. v. Toledo–Lucas Cty. Port Auth.,* 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14.

{¶5} Because Relator acknowledges receipt of most of the requested documents, the complaint is moot as to those documents.

{¶6} We now consider whether Relator has demonstrated his entitlement to a writ of mandamus relative to emails from Councilperson Rhodes.

{¶7} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C).

{¶8} "[R]espondents possess no duty to create or provide access to nonexistent records. *State ex rel. Lanham v. Smith,* 112 Ohio St.3d 527, 2007 Ohio 609, 861 N.E.2d 530; *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor* (2000), 89 Ohio St.3d 440, 2000 Ohio 440, 732 N.E.2d 969." *State ex rel. Bardwell v. Cleveland State Univ.,* Cuyahoga App. No. 91077, 2008-Ohio-2819, at ¶ 15.

{¶9} The only evidence presented to this Court regarding the existence vel non of Rhodes' emails is contained in the affidavit of Councilperson Rhodes wherein he states he has no recollection of any emails regarding Relator's displacement. Relator offers no evidence to the contrary. Relator does direct this Court to Relator's affidavit in support of his belief that emails do exist. The affidavit reveals has no independent knowledge of the existence of emails.

{¶10} "It is axiomatic that [a respondent] cannot be compelled to release documents that he does not have. *State ex rel. Fant v. Mengle* (1991), 62 Ohio St.3d 197." *State ex rel. Mangrum v. Simmons* 1994 WL 327552, 1 (Ohio App. 12 Dist.).

{¶11} Relator has failed to demonstrate that Respondents have failed to turn over any documents. For this reason, mandamus will not lie.

{¶12} We now turn to the issue of attorney fees. The Supreme Court has held, "Under the applicable test, '[a] court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot.'" *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, syllabus

{¶13} As to Relator's request for attorney fees, we find Respondents sufficiently complied with all requests within a reasonable amount of time, therefore, the request for attorney fees is denied. See *State ex rel. ESPN v. Ohio State Univ.* --- N.E.2d ----, 2012 WL 2359613 (Ohio), 2012 -Ohio- 2690 (denying request for attorney fees when public-records claims are mostly lacking in merit).

{¶14} Further, Relator did receive records in response to his first three requests before the instant Complaint was filed. In addition, he received records after the Complaint was filed which was in response to the specific requests made within the Complaint.

{¶15} For these reasons, we deny the request for attorney fees.

By Farmer, J.

Delaney, P.J. and

Edwards, J. concur.

s/ Sheila G. Farmer_____

s/Patricia A. Delaney_____ _____

s/ Julie A. Edwards_____

JUDGES

SGF/as 731

[Cite as *State ex rel. Garnack v. Newark*, 2012-Ohio-4146.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL.<br>STEPHEN J. GARNACK | : | |
| | : | |
| Relator | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CITY OF NEWARK | : | |
| | : | |
| Respondents | : | CASE NO. 11CA0104 |

For the reasons stated in our accompanying Memorandum-Opinion, the requested Writ of Mandamus is denied. The request for attorney fees is also denied. Costs to Relator.

s/ Sheila G. Farmer_____

s/Patricia A. Delaney_____

s/ Julie A. Edwards_____

JUDGES