[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 585.]

THE STATE EX REL. CITIZENS FOR ENVIRONMENTAL JUSTICE *v.* CAMPBELL ET AL.

[Cite as *State ex rel. Citizens for Environmental Justice v. Campbell*, 2001-Ohio-1617.]

*Mandamus sought to compel Cuyahoga County Commissioners to provide relator copies of certain records—Motion to dismiss granted when relator fails to comply with S.Ct.Prac.R. X(4)(B).*

(No. 01-1061—Submitted September 18, 2001—Decided November 14, 2001.)

IN MANDAMUS.

_____

*Per Curiam.*

{¶ 1} On June 8, 2001, relator, Citizens for Environmental Justice, a nonprofit association of citizens living in the vicinity of East 93rd St. and Quincy Ave. in Cleveland, Ohio, filed a complaint for a writ of mandamus to compel respondents, Cuyahoga County Commissioners, to provide copies of certain records to relator. Attached to the complaint was an affidavit of Linda G. Thompson, but the affidavit did not address any of the allegations in the complaint regarding relator's request for records. On July 3, the commissioners filed a motion to dismiss, in which they contended, *inter alia*, that relator did not comply with the pleading requirements of S.Ct.Prac.R. X(4)(B). Relator filed a timely response, but did not specifically rebut respondents' S.Ct.Prac.R. X(4)(B) claim. This cause is now before the court for its determination under S.Ct.Prac.R. X(5).

{¶ 2} Under S.Ct.Prac.R. X(5), dismissal is appropriate if it appears beyond doubt, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of relator, that it is not entitled to the requested

extraordinary relief in mandamus. *State ex rel. Crobaugh v. White* (2001), 91 Ohio St.3d 470, 471, 746 N.E.2d 1120, 1122.

{¶ **3**} Dismissal is warranted here because relator did not comply with S.Ct.Prac.R. X(4)(B), which requires that all complaints in original actions other than habeas corpus filed in this court "shall be supported by an affidavit of the relator or counsel specifying the details of the claim."

{¶ **4**} The affidavit attached to relator's complaint does not contain any statements concerning its mandamus claim under R.C. 149.43, Ohio's Public Records Act. In other words, the affidavit does not state that relator requested the records from the commissioners. See *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 390, 715 N.E.2d 179, 183 ("R.C. 149.43[C] requires a prior request as a prerequisite to a mandamus action"). Nor does the affidavit specify a failure by the commissioners to provide the requested records. R.C. 149.43(C); *State ex rel. Yant v. Conrad* (1996), 74 Ohio St.3d 681, 683, 660 N.E.2d 1211, 1213.

{¶ **5**} Moreover, relator failed to respond to respondents' argument concerning S.Ct.Prac.R. X(4)(B). Nor did relator file an amended complaint with an affidavit covering the necessary elements of its mandamus claim, *i.e.*, a request for records and a refusal.

{¶ **6**} Based on the foregoing, we grant the commissioners' motion and dismiss the cause.

*Cause dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Sara J. Harper* and *Tom Mast*, for relator.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Charles E. Hannan*, Assistant Prosecuting Attorney, for respondents.

January Term, 2001

_____