[THE STATE EX REL.] HAMMONS, APPELLANT, *v.* CHISHOLM ET AL., APPELLEES.

[Cite as *State ex rel. Hammons v. Chisholm,*
99 Ohio St.3d 405, 2003-Ohio-4125.]

(No. 2003–0018—Submitted June 3, 2003—Decided August 20, 2003.)

**Per Curiam.**

{¶ 1} On July 1, 1988, appellant, Allecia I. Hammons ("Hammons"), gave birth to Allecia Helen Hammons. The birth certificate listed George A. Chisholm Jr. ("Chisholm") as the child's father.

{¶ 2} In March 1990, the Cuyahoga County Probate Court entered a judgment finding that Hammons and Chisholm were the child's natural parents, ordering that the child be known as their child as though born in lawful wedlock, and changing the child's name to Allecia Helen Chisholm. A new birth certificate was issued reflecting the child's name change.

{¶ 3} In August 2001, Hammons requested that the Ohio Department of Health ("ODH") provide her with copies of her daughter's original birth certificate and Chisholm's acknowledgment-of-paternity affidavit for her child under the name of Allecia Helen Hammons. ODH denied Hammons's request for the birth record and advised her that there was no acknowledgment of paternity on file for Allecia Helen Hammons. Hammons alleged that ODH had also denied her request for a letter verifying that there was no affidavit.

{¶ 4} Following ODH's refusals, Hammons filed a complaint in the court of appeals for a writ of mandamus to compel appellees, ODH, Cuyahoga County Child Support Enforcement Agency ("Cuyahoga County CSEA"), and Chisholm, to provide her with her daughter's original birth records and acknowledgment of paternity affidavits on file for her daughter under the names of Allecia Helen Hammons and Allecia Helen Chisholm. Hammons claimed entitlement to these records under the Ohio Public Records Act, R.C. 149.43 et seq.

{¶ 5} ODH and Cuyahoga County CSEA moved to dismiss Hammons's complaint. In November 2002, the court of appeals granted the motions and dismissed the complaint.

{¶ 6} Hammons seeks a writ of mandamus to compel appellees to provide her with access to the requested records. Mandamus is the appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Cincinnati Enquirer v. Krings* (2001), 93 Ohio St.3d 654, 657, 758 N.E.2d 1135.

{¶ 7} As the court of appeals correctly held, however, the original birth records requested by Hammons are not public records. Under R.C. 149.43(A)(1)(v), public records do not include "[r]ecords the release of which is prohibited by state or federal law."

{¶ 8} R.C. 3705.09(G) prohibits the release of Hammons's daughter's original birth records following a new declaration of paternity:

{¶ 9} "When a man is presumed, found, or declared to be the father of a child * * * or the father has acknowledged the child as his child in an acknowledgment of paternity, and the acknowledgment has become final * * * and documentary evidence of such fact is submitted to the department of health in such form as the director may require, a new birth record shall be issued by the department * * *. * * * *Upon the issuance of such new birth record, the original birth record shall cease to be a public record.* Except as provided in division (C) of section 3705.091 of the Revised Code, *the original record and any documentary evidence supporting the new registration of birth shall be placed in an envelope which shall be sealed by the department and shall not be open to inspection or copy* unless so ordered by a court of competent jurisdiction.

{¶ 10} "* * * *All copies of the original birth record in the possession of the local registrar or the probate court, as well as any and all index references to it, shall be destroyed.*" (Emphasis added.)

{¶ 11} Therefore, based on the plain language of R.C. 3705.09(G), Hammons was not entitled to a writ of mandamus to compel appellees to provide access to her daughter's original birth records.

{¶ 12} Hammons also requests access to any acknowledgment-of-paternity affidavits of Chisholm under either of her daughter's last names, Allecia Helen Hammons or Allecia Helen Chisholm. These affidavits are expressly excepted from the birth-records exemption by R.C. 3705.091(B), which provides:

{¶ 13} "The local registrar of vital statistics shall provide an acknowledgment of paternity affidavit * * * to any person that requests it."

{¶ 14} Therefore, unlike the original birth records requested by Hammons, acknowledgment-of-paternity affidavits are accessible to the public.

{¶ 15} Hammons is, however, still not entitled to the requested affidavits, as she asserted in her complaint and briefs that these records do not exist. And Hammons's complaint fails to allege that she requested appellees to give her access to an acknowledgment-of-paternity affidavit under the name Allecia Helen Chisholm. " 'R.C. 149.43[C] requires a prior request as a prerequisite to a mandamus action' " *State ex rel. Citizens for Environmental Justice v. Campbell* (2001), 93 Ohio St.3d 585, 586, 757 N.E.2d 366, quoting *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 390, 715 N.E.2d 179.

{¶ 16} Moreover, although Hammons named Cuyahoga County CSEA and Chisholm as respondents in her mandamus complaint, neither of these appellees has custody of the requested records, and Chisholm does not hold a public office subject to R.C. 149.43.

{¶ 17} Finally, to the extent that Hammons in her complaint requested a "Rating Decision" regarding a pending claim, she alleged nothing that would entitle her to such a decision.

{¶ 18} Therefore, the court of appeals did not err in dismissing the cause. Accordingly, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and O'CONNOR, JJ., concur.

LUNDBERG STRATTON, J., concurs and concurs separately.

O'DONNELL, J., not participating.

---

**LUNDBERG STRATTON, J., concurring.**

{¶ 19} I concur with dismissal of this case. Appellant Allecia I. Hammons based her request for her daughter's original birth certificate upon the Ohio Public Records Act, R.C. 149.43 et seq. The document, however, is no longer a public record subject to disclosure under the Act. R.C. 3705.09(G).

{¶ 20} Nevertheless, R.C. 3705.09(G) also provides that the sealed documents "shall not be open to inspection or copy unless so ordered by a court of competent jurisdiction." Therefore, a person may obtain a court order for the release of the sealed records. I believe that a biological parent whose paternal rights have not been terminated should have the means to seek the release of his or her child's original birth records for good cause. In this case, although the original birth records are not subject to a public records request, the appellant may be able to obtain the birth certificate via court order.

---

Allecia I. Hammons, pro se.

Jim Petro, Attorney General, and Bobbi–Lynn Jacobs, Assistant Attorney General, for appellee Ohio Department of Health.

---

1. Hammons also raises claims that we need not consider because they were not included in her complaint and were not argued before the court of appeals. See *State ex rel. Massie v. Gahanna–Jefferson Pub. Schools Bd. of Edn.* (1996), 76 Ohio St.3d 584, 589, 669 N.E.2d 839.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Rosalina M. Fini, Assistant Prosecuting Attorney, for appellee Cuyahoga County Child Support Enforcement Agency.