THE STATE EX REL. LANHAM *v.* SMITH, POLICE CHIEF, ET AL.

[Cite as *State ex rel. Lanham v. Smith,*
112 Ohio St.3d 527, 2007-Ohio-609.]

(No. 2006–0789—Submitted January 9, 2007—Decided February 28, 2007.)

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel a police chief and a township to provide copies of certain police offense-and-incident reports and any narratives or supplements to these reports. Because these records do not exist, we deny the writ.

{¶ 2} Karen Register is the Fiscal Officer, formerly township clerk, of respondent Pierce Township, Clermont County, Ohio. As part of her duties, Register takes minutes of meetings of the Pierce Township Board of Trustees by hand, creates a draft of each set of minutes on her computer, circulates the draft to the trustees, incorporates appropriate suggestions from the trustees, and prepares the final version for approval by the board. Register uses a computer located in her township offices and provided to her by the township to prepare the minutes.

{¶ 3} In August 2004, Register informed respondent Pierce Township Police Chief James T. Smith that someone had obtained access to her computer and had made unauthorized, substantive changes to the minutes of a board meeting. Police Chief Smith typed notes of his conversation with Register, but he did not incorporate those notes into an offense or incident report. Register did not accuse any specific person. Police Chief Smith did not conduct an investigation concerning Register's statements for several months.

{¶ 4} At a February 8, 2005 township board of trustees meeting, Register publicly announced that someone had broken into her computer in her office and tampered with a draft set of minutes for a May 2004 board meeting. The board had formally approved those minutes in August 2004. Register insisted upon a police investigation and stated that she had previously reported the incident to Police Chief Smith in August 2004.

{¶ 5} Shortly after the board meeting, Police Chief Smith contacted the county prosecutor's office and a special agent from the Ohio Bureau of Criminal

Identification and Investigation to assist in the investigation. During the investigation, attorney Curt C. Hartman admitted to Police Chief Smith and Special Agent Karen Rebori that he had obtained access to Register's computer and had altered the meeting minutes. Apparently, at the time, Hartman was a township trustee.

{¶ 6} In February 2006, relator, Kent Lanham, a township resident and taxpayer, requested that Police Chief Smith and the township administrator provide him with copies of the following documents pursuant to the Ohio Public Records Act, R.C. 149.43:

{¶ 7} "[A]ny offense or incident report(s) relating to the allegation by the Pierce Township Clerk [i.e., Register] (made publicly at the township trustee[s'] meeting on February 8, 2005) that someone had allegedly broken into and tampered with the township computer located within the clerk's office. In addition to the offense or incident report(s), I also request that you provide any narratives or supplements associated with such report(s).

{¶ 8} " * * * If no such records exist[ ], please advise."

{¶ 9} Police Chief Smith denied Lanham's request because "[t]he issue you mentioned is part of an active investigation," and "[p]revious requests re this issue have been deemed not to be subject to the Ohio Public Records Act."

{¶ 10} On April 21, 2006, Lanham, through attorney Hartman, filed this action for a writ of mandamus to compel respondents, Police Chief Smith and the township, to provide access to the requested offense-and-incident reports. Lanham also requests an award of attorney fees. Respondents filed an answer and a motion for judgment on the pleadings. In an affidavit attached to the answer, Police Chief Smith specified that he did not prepare any incident report on the matter. We denied respondents' motion and granted an alternative writ. 110 Ohio St.3d 1436, 2006-Ohio-3862, 852 N.E.2d 185.

{¶ 11} This cause is now before the court for its consideration of the merits.

## Mandamus

{¶ 12} Although Lanham now requests a copy of the notes made by Police Chief Smith of his initial conversation with Register in August 2004, Lanham previously requested copies of only offense-and-incident reports relating to Register's allegations.

{¶ 13} Routine offense-and-incident reports are not exempt work product and are normally subject to immediate release upon request. See *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph five of the syllabus; *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 55 ("although police offense-and-incident reports are generally subject to disclosure, documents containing infor-

mation that is exempt under state or federal law may be redacted"). Offense-and-incident reports are form reports in which the law enforcement officer completing the form enters information in the spaces provided. See, e.g., *State ex rel. Beacon Journal Publishing Co. v. Maurer* (2001), 91 Ohio St.3d 54, 741 N.E.2d 511 (referring to an "Ohio Uniform Incident Form").

{¶ 14} The notes requested by Lanham were never attached to or incorporated in any police offense-and-incident report, and Lanham never requested the notes. Cf. *Maurer*, 91 Ohio St.3d at 56, 741 N.E.2d 511 (typed narrative statements of police officers and witnesses attached to and incorporated in uniform incident report were subject to release as a public record). In the absence of a prior request for these notes, Lanham is not entitled to them. *State ex rel. Hammons v. Chisholm*, 99 Ohio St.3d 405, 2003-Ohio-4125, 792 N.E.2d 1120, ¶ 15. " 'R.C. 149.43(C) requires a prior request as a prerequisite to a mandamus action.' " *State ex rel. Citizens for Environmental Justice v. Campbell* (2001), 93 Ohio St.3d 585, 586, 757 N.E.2d 366, quoting *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 390, 715 N.E.2d 179.

{¶ 15} Moreover, no police offense or incident report exists concerning Register's allegation that someone had used her office computer to alter the township board's May 2004 meeting minutes. The uncontroverted evidence is that Police Chief Smith did not prepare any offense or incident report concerning Register's contentions. Respondents have no duty to create or provide access to nonexistent records. *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor* (2000), 89 Ohio St.3d 440, 448, 732 N.E.2d 969.

{¶ 16} Therefore, we deny the writ.

### Attorney Fees

{¶ 17} Lanham asserts that even if his mandamus claim lacks merit, he should be awarded attorney fees because respondents, in effect, forced him to file the claim by misleading him into believing that the requested offense-and-incident reports existed when they did not.

{¶ 18} Lanham's assertion lacks merit. We have never extended an award of attorney fees in public-records mandamus cases to encompass mandamus claims that are ultimately held to be without merit. *State ex rel. Musial v. N. Olmsted*, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 38.

{¶ 19} Based on the foregoing, we deny the writ and deny the request for attorney fees.

Writ denied.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

530

The Law Firm of Curt C. Hartman and Curt C. Hartman, for relator.

Donald W. White, Clermont County Prosecuting Attorney, and Elizabeth Mason, Assistant Prosecuting Attorney, for respondents.