[Cite as *Wells Fargo Bank, N.A. v. Cogar*, 2013-Ohio-311.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| ROBERT E. COGAR, ET AL | : | Case No. 12-COA-022 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 09CFR010

JUDGMENT:                     Affirmed

DATE OF JUDGMENT:             January 31, 2013

APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

BRADLEY P. TOMAN                      TIMOTHY B. PETTORINI
24755 Chagrin Boulevard               225 North Market Street
Suite 200                             P.O. Box 599
Cleveland, OH  44122                  Wooster, OH  44691

*Farmer, J.*

{¶1} On January 7, 2009, appellee, Wells Fargo Bank, NA, filed a foreclosure action against Robert Cogar and his wife, appellant herein, Rosalie Cogar, for failure to pay on a promissory note secured by a mortgage.

{¶2} On March 2, 2009, appellee filed a motion for summary judgment. By entry filed January 28, 2010, the trial court granted the motion and awarded appellee as against appellant $227,066.05 plus interest.

{¶3} On February 1, 2010, appellant filed an emergency motion to vacate the judgment and to stay the foreclosure. The trial court stayed its decision on February 4, 2010. Mr. Cogar died on March 27, 2010. The trial court vacated the stay on November 18, 2011.

{¶4} On January 13, 2012, appellant filed a second motion to vacate the judgment, claiming newly discovered evidence and fraud pursuant to Civ.R. 60(B)(2) and (3). A hearing was held on April 27, 2012. By judgment entry filed May 16, 2012, the trial court denied the motion.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶6} "THE TRIAL COURT ERRED IN DENYING ROSALIE COGAR'S MOTION FOR RELIEF FROM JUDGMENT."

I

{¶7} Appellant claims the trial court erred in denying her motion for relief from judgment pursuant to Civ.R. 60(B)(2) and (3) as her motion was timely, she presented a

meritorious defense, and she presented grounds for vacating the judgment based on newly discovered evidence.  We disagree.

{¶8}    A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion.  *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).  Appellant based its Civ.R. 60(B) motion on "newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)" and "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party."  Civ.R. 60(B)(2) and (3).  In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶9} In its judgment entry filed May 16, 2012, the trial court found no "factual basis" for appellant's assertion that she did not sign the promissory note:

> This example is but one of many inconsistencies in the witness testimony that suggest the Defendant's witnesses were untruthful in their testimony. Rosalie Cogar testified on cross examination to a number of documents that she claimed bore her forged signature, inferring that Robert Cogar had signed her name without her knowledge. Yet, when confronted with her denial that is was her signature situated on documents that were signed well after Mr. Cogar's death, including pro se pleadings filed in this matter, she could not explain how her signature could have gotten on the documents. Again, the Court finds the testimony of Rosalie Cogar to be untruthful.
>
> Notwithstanding the legal authority asserted by the parties as to whether this Court has the legal authority to grant Defendant's motion, the Court specifically finds that there is no factual basis which justifies relief pursuant to Civ.R. 60(B). Defendant has failed to establish any fraud in the execution of the mortgage and loan documents.

{¶10} We note the trial court did not address the timeliness of the motion, filed some two years after the final judgment. The issue of timeliness is critical to our discussion. The "newly discovered evidence" was appellant questioning the validity of her signature. This issue was an affirmative defense that should have been raised in

the pleadings. R.C. 1303.36 governs proof of signatures and status of holder in due course. Subsection (A) states the following:

Unless specifically denied in the pleadings, in an action with respect to an instrument, the authenticity of, and authority to make, each signature on an instrument is admitted. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the party claiming validity but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or becomes incompetent at the time of the trial on the issue of the validity of the signature. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person under section 1303.42 of the Revised Code.

{¶11} Appellant did not raise the issue of the validity of her signature in her pleadings. In her February 4, 2009 answer to the complaint, appellant admitted to the validity of the mortgage, and that she had an interest in the subject property as a titleholder.

{¶12} The trial court entered final judgment on January 28, 2010 by granting summary judgment to appellee. Appellee had filed a motion for summary judgment on

March 2, 2009. The basis of the motion was the mortgage and the note, attached to the motion as Exhibits A and B. In response, appellant and her husband filed separate pro se objections on March 9, 2009, claiming "fraud and predatory lending" and requesting discovery and a trial. No claim relative to the validity of appellant's signature on the note was made. Numerous other filings (motions for stay of judgment, injunction, and to dismiss) were filed pro se raising bare allegations of fraud and dower interests, all unsupported by evidentiary quality materials as required by Civ.R. 56. *Cogswell v. Cardio Clinic of Stark County, Inc.,* 5th Dist. No. CA-8553 (October 21, 1991).

{¶13} As previously noted, final judgment was granted on January 28, 2010, and appellant did not raise the issue of the validity of her signature until the filing of her Civ.R. 60(B) motion on January 13, 2012.[1] In her affidavit attached to her motion as Exhibit A, appellant averred: "I do not recall ever attending a closing around May of 2005" and "I could not say for certain that the signature on the mortgage was my signature."

{¶14} Also attached to the motion is the affidavit of the closing agent, Benjamin T. Lackey (Exhibit C). Mr. Lackey averred appellant was not present at the closing, but the documents contained her notarized signature. Appellant's counsel, Timothy B. Pettorini, stated he did not know of Mr. Lackey's involvement until December 1, 2011 (Exhibit B). What is curiously lacking in Mr. Pettorini's affidavit is his knowledge of appellant's assertion that she could not say "for certain" that the signature on the mortgage was her signature.

---

[1] We note appellant had filed a motion to vacate on February 1, 2010, but the motion focused on the assignment of the note and mortgage and requested mediation.

{¶15} During the evidentiary hearing held on April 27, 2012, appellant stated on direct that she could not tell if it was her signature on the mortgage (Exhibit A). T. at 66. She claimed her husband could have signed her name, but she was not sure. T. at 68-69. At the time of the hearing, appellant's husband was deceased. Appellant claimed no knowledge of the subject foreclosure action prior to Mr. Cogar's death on March 27, 2010. T. at 65.

{¶16} Given the statements in the affidavits, we conclude to dismiss the motion outright on timeliness would have been in error. Although the timeline is suspect, we cannot say the trial court erred in proceeding to a hearing.

{¶17} Appellant argues once she presented testimony, the trial court should have granted her Civ.R. 60(B) motion and should not have addressed the issue of credibility. Appellant argues determinations on credibility are not within the scope of a trial court's authority in a Civ.R. 60(B) motion. In support of this claim, appellant cites the cases of *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18 (1996), and *Deutsche Bank National Trust Co. v. Lagowski,* 7th Dist. No. 10 BE 28, 2012-Ohio-1684.

{¶18} We disagree with this assertion. The *Kay* case cited by appellant is distinguishable from the facts sub judice because in that case, the trial court did not conduct a hearing after being presented with affidavits therefore, testimony was not presented testing the truthfulness of the affidavits. Our decision in *Cogswell,* supra, is consistent with the Supreme Court of Ohio's reasoning.

{¶19} In *Deutsche Bank,* at ¶63, our brethren from the Seventh District stated that credibility was not an issue at a Civ.R. 60(B) motion hearing:

However, the trial court found Lagowski's credibility to be lacking, and on that basis determined that he failed to allege a meritorious defense. It is error to make this kind of credibility determination at this stage of the proceedings; rather, these determinations are reserved for a trial on the merits, to be made by the trier of fact. In essence, the trial court made Lagowski do more than state a meritorious defense; it went further and put Lagowski in the position of proving the defense. And when Lagowski failed to do so, the trial court denied the motion to vacate. Thus, the trial court abused its discretion in finding that Lagowski failed to allege operative facts to support a meritorious defense to the judgment.

{¶20} We find this conclusion to totally emasculate the purpose of a hearing. What purpose is the placing of a witness under oath if it is not to test the witness's credibility? An evidentiary hearing by its very nature revolves around truthfulness and believability. The very nature of a Civ.R. 60(B) hearing places the burden of proof upon the movant. To totally disregard the issue of credibility at a Civ.R. 60(B) hearing is to ignore the purpose of the hearing.

{¶21} On the issue of credibility sub judice, we find it involves two basic questions. The first question was timeliness of the motion and whether there was newly discovered evidence and secondly, whether the claim of fraud was a valid defense.

{¶22} The trial court's decision is unclear as to which issue it was addressing. In reviewing the transcript and the lengthy docket spanning some three years, we find appellant's testimony that she did not know about the foreclosure action until March of

2010 to be incredible. Appellant stated her husband usually collected the mail prior to his death and it was "laying on my countertop in the house" when she returned from work. T. at 73. After her husband died in March of 2010, she collected the mail and worked up until July 2010. T. at 72. Appellant's affidavit did not specifically assert that the signature was not hers, and she testified during the hearing that she could not tell if the signature was hers. These facts, along with her previous motion to vacate on February 1, 2010, numerous hearings after the death of her husband, and the fact that the trial court's decision would have been mailed to her address prior to the entry of appearance by her trial counsel on September 9, 2010, belie appellant's assertion that the validity of her signature was "newly discovered evidence" and negate her claim that the motion was timely.

{¶23} Upon review, we find the trial court did not err in denying appellant's Civ.R. 60(B) motion for relief from judgment.

{¶24} The sole assignment of error is denied.

{¶25} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


_s/ William B. Hoffman_____

JUDGES


SGF/sg 110

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT


WELLS FARGO BANK, N.A.   :
              :
  Plaintiff-Appellee    :
              :
-vs-           :    JUDGMENT ENTRY
              :
ROBERT E. COGAR, ET AL.   :
              :
  Defendants-Appellants  :    CASE NO. 12-COA-022


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. Costs to appellant.


            s/ Sheila G. Farmer_____


            s/ Patricia A. Delaney_____


            _s/ William B. Hoffman_____

               JUDGES