[Cite as *In re Adoption of C.A.H.*, 2020-Ohio-1260.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:

ADOPTION OF C.A.H.

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 19 CA 000037

O P I N IO N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Knox County Court of Common Pleas, Probate Division, Case No. 2019-4008 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 31, 2020 |

APPEARANCES:

For Appellants

THE GILES LAW GROUP
Alysse L. Giles
109 E. High Street
Mt. Vernon, Ohio  43050

MANDY OVERTON, pro se
17137 Vance Road
Utica, Ohio  43080

For Appellee-Father

BRANDON S. CRUNKILTON
51 Public Square
Mt. Vernon, Ohio  53050

ROBERT HANES, pro se
#A658956 NCI
15708 McConnelsville Road
Caldwell, Ohio  43724

*Hoffman, P.J.*

**{¶1}** Petitioners-appellants Mark and Tammy Overton ("Grandparents", collectively; "Mr. Overton" and "Mrs. Overton", individually) appeal the October 10, 2019 Judgment Entry entered by the Knox County Court of Common Pleas, Probate Division, which denied their Petition for Adoption of their minor grandson ("the Child") after finding the consent of respondent-appellee Robert Hanes ("Father") was required.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Mandy Overton ("Mandy") and Father are the biological parents of the Child. Mandy and Father were never married. Grandparents are the parents of Mandy and the maternal grandparents of the Child. Father has been incarcerated since approximately two weeks after the Child's birth on May 26, 2011. He is scheduled for release in 2021. Grandparents have been the physical custodians of the Child since his birth.

**{¶3}** On April 23, 2019, Grandparents filed a Petition for Adoption. Therein, Grandparents asserted the consent of Father was not required as he "has failed without justifiable cause to provide more than *de minimis* contact with the minor for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner." Mandy filed her Consent to Adoption on the same day. Father, through counsel, filed an Objection to Adoption on May 20, 2019.

**{¶4}** Grandparents filed their First Amended Petition for Adoption of Minor on May 29, 2019. As reason Father's consent was not required, Grandparents added Father "has failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner." Father did not file an objection to the amended petition.

**{¶5}** The trial court conducted a hearing on the petition and Father's objection on July 15, 2019. Father was conveyed from the correctional institution to the Knox County Jail for the hearing.

**{¶6}** Mr. Overton testified he has lived at the same address for approximately 17 years and the address is public record. He indicated he has never prevented Father from mailing anything to his home. He added he has had the same phone number for approximately 10 years. Mr. Overton stated he has not blocked or restricted Father from contacting him at that number. He also noted he has a Facebook account, which he has had for 15 years, but Father has never sent him a Friend request. Mr. Overton acknowledged he did not accept the Friend request of Deborah Darr, Father's mother. He added Father had not made any attempts to contact him between April 23, 2018, and April 23, 2019, the statutory lookback period. Father had sent the Child letters after the filing of the Petition for Adoption. The last contact he and Mrs. Overton had with Darr was over two years prior to the hearing. Mr. Overton added Grandparents provide for all of the Child's needs. Father has never offered any assistance, financial or otherwise.

**{¶7}** On cross-examination, Mr. Overton indicated he was aware Father had been incarcerated since the Child was two weeks old. He admitted he and Mrs. Overton had taken the Child to visit Mandy when she was incarcerated. Mr. Overton conceded the Child had received presents from Father through the Angel Tree Project.

**{¶8}** Mrs. Overton testified similarly to her husband. She has lived at the same address for approximately 17 years, and has never received any mail from Father. Mrs. Overton added she had not seen any mail addressed to the Child from Father since the first year of the Child's life. She has had the same phone number for ten or twelve years,

and has never blocked or restricted Father from contacting her. Mrs. Overton noted she and Darr are Facebook friends, and the two occasionally have contact with one another on Facebook. The last visit Darr had with the Child was Christmas, 2017. The last gift the Child had received from Father through the Angel Tree Project was prior to April, 2018. Mrs. Overton acknowledged Darr had brought gifts for the Child, but had not done so since Christmas, 2017. She added she has never received any child or other financial support for the Child from Father.

**{¶9}** On cross-examination, Mrs. Overton acknowledged Darr asked if she could take the Child to see Father at the prison for Father's Day, but indicated Darr never followed up. Mrs. Overton then admitted she would not have allowed the Child to go to the prison to see Father. She would not definitely state whether she would accept a call from Father from prison.

**{¶10}** Father testified he was incarcerated at Noble Correction Facility for 7 ½ years and was currently incarcerated at Grafton Reintegration Center. Father admitted he has been incarcerated since the Child was two weeks old. He explained Mandy would bring the Child to the Coshocton County Jail to see him prior to his transfer to prison. Father stated he pays monthly child support which is withheld from the wages he receives from his prison job. Father indicated he does not have access to a cell phone, text messaging, a computer, or the Internet. He claimed he does not know either Mr. or Mrs. Overton's phone number. Father noted he has Grandparents' address and has mailed a letter to the Child every month since his incarceration. Mandy confirmed to Father the letters were received. He has also sent the Child presents through the Angel Tree Project. Father completed the application for 2018, but did not receive confirmation or notification

regarding whether the Child received a gift at Christmas that year. In December, 2018, he withdrew cash from his prison account to purchase a large envelope in which to mail the Child a drawing of Spiderman his bunkmate had drawn. On re-direct, Father stated he sent a second drawing to the Child in February, 2019.

{¶11} On cross-examination, Father stated he earns about $20/month and $4.50 is withheld for child support. Father explained he purchases personal hygiene products, phone minutes, and stamps with the remaining funds. He admitted he had not attempted to contact the Overtons by phone or on Facebook to request visits with the Child because "I already know what the answer to that is going [to] be." Transcript of July 15, 2019 Hearing at 76.

{¶12} Deborah Darr was asked about the Angel Tree Project. A letter to her from the Angel Tree Project was admitted. The letter stated Father submitted applications for the Child to receive a Christmas gift on his behalf each year beginning 2013, through 2018. Darr testified she has made attempts to contact the Overtons in order to visit the Child. Darr noted her attempts to take the Child to visit Father never came to fruition.

{¶13} On cross-examination, Darr indicated she had contact with the Angel Tree Project regarding the delivery of the Child's 2018 gift. Darr was advised the organization made several attempts to contact Grandparents to schedule delivery and they were seeking her assistance. Darr assumed the gift was ultimately delivered as she did not hear back from the Angel Tree Project.

{¶14} Via Judgment Entry filed October 10, 2019, the trial court denied Grandparents' Petition for Adoption. The trial court found Father's consent was required because Grandparents failed to prove, by clear and convincing evidence, Father did not

have more than *de minimis* contact with the Child during the statutory lookback period, and (2) Father did not provide for the maintenance and support of the Child during the statutory lookback period.

{¶15} It is from this judgment entry Grandparents appeal, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN REQUIRING FATHER'S CONSENT TO PROCEED WITH APPELLANTS' PETITION TO ADOPT THE MINOR CHILD BECAUSE FATHER DID NOT OBJECT TO THE AMENDED PETITION, AND THUS HIS CONSENT WAS NOT REQUIRED BY R.C. 3107.07(K).

II. THE TRIAL COURT ERRED IN FINDING THAT FATHER'S CONSENT WAS REQUIRED DUE TO FATHER'S COMPLETE LACK OF CONTACT WITH THE CHILD FOR APPROXIMATELY 8 YEARS PRECEDING THE FILING OF THE PETITION, WHICH WAS NOT JUSTIFIABLE DUE TO HIS TOTAL LACK OF INACTION TO SECURE CONTACT WITH THE CHILD, AND THE MATERNAL GRANDPARENTS' LACK OF INTERFERENCE WITH FATHER'S ABILITY TO CONTACT THE CHILD.

III. THE TRIAL COURT ERRED IN FINDING THAT FATHER'S CONSENT WAS REQUIRED, BECAUSE THERE WAS NO JUSTIFIABLE CAUSE FOR FATHER'S FAILURE TO FULFILL THE REQUIREMENTS

OF THE JUDICIAL DECREES ORDERING HIM TO PAY CHILD SUPPORT.

I

**{¶16}** In their first assignment of error, Grandparents assert the trial court erred in finding Father's consent was required as Father failed to object to the amended petition for adoption; therefore, his consent was not required pursuant to R.C. 3107.07(K). We disagree.

**{¶17}** Under R.C. 3107.07(K), a parent's consent to adoption is not required if the parent receives proper notice of the adoption petition and "fails to file an objection to the petition within fourteen days."

**{¶18}** The record before this Court reveals Grandparents did not raise this argument to the trial court. Failure to raise an issue before the trial court operates as a waiver of a party's right to assert such for the first time on appeal. See, *Hadley v. Figley*, 5th Dist. Ashland App. No. 15-COA-001, 2015-Ohio-4600, 46 N.E.3d 1129, ¶ 22 (Citation omitted). Because Grandparents failed to raise Father's failure to object to the amended petition, we find they have waived this issue on appeal.

**{¶19}** Additionally, we find Father was not required to object to the amended petition. Father filed a timely objection to Grandparents' original petition. The trial court scheduled the matter for hearing prior to Grandparents' filing their amended petition. The amended petition in the present case was identical to the original petition for adoption with the addition of a second statutory reason the adoption could proceed without the

consent of Father. Father's objection to Grandparents' assertion his consent was not required was already on the record.

**{¶20}** Grandparents' first assignment of error is overruled.

## II, III

**{¶21}** We elect to address Grandparents' second and third assignments of error together. In their second assignment of error, Grandparents argue the trial court erred in finding Father's consent was required as the evidence established Father failed without justifiable cause to have any contact with the Child for approximately 8 years preceding the filing of the petition. In their third assignment of error, Grandparents maintain the trial court erred in finding Father's consent was required as the evidence established Father failed without justifiable cause to provide support of the Child as ordered by judicial decrees.

**{¶22}** R.C. 3107.07(A) provides:

Consent to adoption is not required of any of the following:

A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than *de minimis* contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

**{¶23}** The petitioner for adoption has the burden of proving by clear and convincing evidence the natural parent has failed to provide more than *de minimis* contact with or to provide for the maintenance and support of the child for at least a one-year period prior to the filing of the petition, and also must prove the failure was without justifiable cause. *In re Adoption of Bovett,* 33 Ohio St.3d 102, 104, 515 N.E.2d 919 (1987). "No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable." *In re Adoption of Holcomb,* 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof. * * * The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence." *Id.*

Contact

**{¶24}** The trial court found Grandparents "failed to prove, by clear and convincing evidence, that Father did not have more than *de minimis* contact with the minor child for a period of one year immediately preceding the filing of the Petition." October 10, 2019 Judgment Entry at para. 5.

**{¶25}** The trial court noted the following evidence in support of its determination. Father consistently over several year sent Christmas gifts to the Child through the Angel Tree Project. Father completed the application for 2018, but did not receive confirmation or notification regarding whether the Child received a gift at Christmas that year. Father testified he has mailed a letter to the Child every month since his incarceration. Mandy confirmed to Father the letters were received. In December, 2018, he withdrew cash from

his prison account to purchase a large envelope in which to mail the Child a drawing of Spiderman his bunkmate had drawn.  Father also sent a second drawing to the Child in February, 2019.  The trial court noted, "If the correspondence was not received by the minor child, it was necessarily caused by Petitioners' interference."  *Id.* at para. 9. The trial court found Father's lack of physical contact with the Child was justifiable and his "contact through consistent mail correspondence and Christmas gifts constitutes more than *de minimis* contact under the specific circumstances at issue in this case." *Id.* at para. 10.

**{¶26}** The trial court as the trier of fact is free to accept or reject any or all of the testimony of the witnesses. The trial court obviously chose to believe Father in this instance.

**{¶27}** Upon review of the entire record in this matter, we find the trial court's determination Father's consent to the adoption was necessary because Father provided more than *de minimis* contact was supported by clear and convincing evidence.

Support

**{¶28}** A probate court must engage in a "three-step analysis" when determining whether a parent has failed to provide for the maintenance and support of a child under R.C. 3107.07(A). As the Ohio Supreme Court explained in  *In re Adoption of B.I.*, 157 Ohio St.3d 29, 2019-Ohio-2450, 131 N.E.3d 28:

> To determine whether a parent has failed to provide child support as
> required by law or judicial decree involves a three-step analysis. The court
> must first determine what the law or judicial decree required of the parent

during the year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. Second, the court determines whether during that year the parent complied with his or her obligation under the law or judicial decree. Third, if during that year the parent did not comply with his or her obligation under the law or judicial decree, the court determines whether there was justifiable cause for that failure. *Id.* at ¶ 15.

{¶29} The trial court's judgment entry reflects in March, 2019, Father was ordered to pay child support in the amount of $2.06/month for child support, $0.41/month on arrears, and a 2% processing fee, effective November 1, 2018. Father earns approximately $20/month and approximately $5.00/month is withheld for child support.

{¶30} Because Father was in compliance with the March, 2019 child support order, we find the trial court did not err in determining Father provided for the support for the Child as required by judicial decree within the relevant statutory time frame.

{¶31} Grandparents' second and third assignments of error are overruled.

{¶32} The judgment of the Knox County Court of Common Pleas, Probate Division, is affirmed.


By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur