[Cite as *Freeman v. Freeman*, 2022-Ohio-3222.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTINA MARIE FREEMAN | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JEFFREY MICHAEL FREEMAN | : | Case No. 22CAF020013 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Domestic Relations Division,
                             Case No. 16DSC080380


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            September 13, 2022


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

TODD A. WORKMAN                       ANTHONY M. HEALD
35 North Sandusky Street              125 North Sandusky Street
Delaware, OH  43015                   Delaware, OH  43015

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, Jeffrey Michael Freeman, appeals the January 11, 2022 judgment entry of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division, upholding a provision in the parties' separation agreement pertaining to spousal support.  Plaintiff-Appellee is Christina Marie Freeman.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant and appellee received a dissolution on October 6, 2016.  They are the parents of ten children.  Seven were minors at the time of the dissolution. Pursuant to the separation agreement incorporated into the dissolution, appellant agreed to pay appellee one dollar per year in spousal support.  He also agreed to pay appellee child support in the amount of $2,166.67 per month plus $43.23 for processing charges. The child support obligation was to continue until appellant reached the age of 67.  In the event child support was reduced prior to appellant attaining the age of 67, he agreed his spousal support obligation would increase by an amount necessary to keep paying appellee $2,166.67 per month.  The spousal support award was to be paid regardless of appellee's cohabitation or remarriage until appellant turned 67.  The agreement did not give the trial court continuing jurisdiction over spousal support.

{¶ 3}   On May 14, 2019, the agreement was modified; however, no changes were made to the support provisions of the agreement.

{¶ 4}   In October 2019, appellant requested an administrative review of his child support obligation.  In November 2019, the Delaware County Child Support Enforcement Agency issued a recommendation reducing the child support amount, but increasing the spousal support amount to keep the monthly support obligation at the same amount per

the separation agreement ($2,166.67).  Appellant requested a court hearing on the recommendation.

{¶ 5}  A hearing before a magistrate was held on January 29, 2021.  By decision filed June 9, 2021, the magistrate found the provisions in the separation agreement were enforceable, and ordered appellant to pay less child support, but more spousal support, for a continued payment of $2,166.67 per month, plus processing charges.

{¶ 6}  Appellant filed objections, challenging the magistrate's decision the provision in the separation agreement setting his support order at a fixed amount of $2,166.67 was enforceable.  By judgment entry filed January 11, 2022, the trial court overruled the objections, adopted the magistrate's decision, and incorporated the magistrate's findings of fact and conclusions of law.

{¶ 7}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 8}  "THE COURT ERRED TO THE PREJUDICE OF THE SECOND PETITIONER-APPELLANT AND ABUSED ITS DISCRETION BY DETERMINING THAT THE TRANSFER OF PAYMENTS (WHETHER REFERRED TO AS CHILD SUPPORT OR SPOUSAL SUPPORT) COULD NOT BE MODIFIED REGARDLESS AND IN SPITE OF SIGNIFICANT FINANCIAL AND FACTUAL CHANGES THAT HAD HAPPENED AND/OR EXISTED FROM THE TIME OF THE ORIGINAL ORDER."

II

{¶ 9}  "THE COURT ERRED TO THE PREJUDICE OF THE SECOND PETITIONER-APPELLANT AND ABUSED ITS DISCRETION BY PREVENTING A

REALISTIC REVIEW OF CHILD SUPPORT BY RELYING ON THE 'AUTOMATIC TRIGGER' PROVISION CONTAINED IN PARAGRAPH 5.3 OF THE DECREE OF DISSOLUTION WAS ENFORCEABLE REGARDLESS AND IN SPITE OF THE FINANCIAL AND FACTUAL CHANGES THAT HAD HAPPENED AND/OR EXISTED IN THIS CASE."

III

{¶ 10} "THE COURT ERRED TO THE PREJUDICE OF THE SECOND PETITIONER-APPELLANT AND ABUSED ITS DISCRETION BY FAILING TO CONSIDER THE VARIOUS FACTUAL ISSUES TESTIFIED ABOUT IN DETERMINING THE PROPER AMOUNT OF ANY TRANSFER OF PAYMENTS."

I, II, III

{¶ 11} In his three assignments of error, appellant is challenging the trial court's decision to enforce the provisions of the separation agreement.  Appellant argues the trial court abused its discretion in finding his support payment could not be modified and in failing to consider the factual issues.  We disagree.

{¶ 12} In the parties' separation agreement, Section 5 governs parental rights and responsibilities.  Subsection 5.3 states the following:

**<u>CHILD SUPPORT OBLIGATIONS</u>**

Effective July 26, 2015, Father shall pay to Mother, as a deviation from the child support guidelines, as and for child support for the minor children, the monthly amount of $1,000 biweekly ($2,166.67 per month), plus 2% ($43.33 per month) processing charge * * *.

In the event child support is reduced prior to Father reaching the age of 67, Husband's spousal support to Wife shall be immediately increased so that Father pays Mother a total monthly net support (after taxes) of at least $1,000.00 biweekly, regardless of Wife's cohabitation or remarriage. Spousal support shall terminate only upon biweekly payments until Husband turns age 67.

Father's full child support obligation ($1,000 biweekly) shall continue until Father tuns age 67.

{¶ 13} Section 6 provides for spousal support and states: "Father shall pay Mother spousal support in the amount of one dollar per year. This spousal support shall terminate upon Father turning age 67 and shall only be modifiable under the circumstances stated upon in the child support provision."

{¶ 14} Under Section 13, each party acknowledged "they had the right and opportunity to seek advice of legal counsel of their own choosing free of any interference from the other." Appellant signed an acknowledgment of legal separation, stating he understood the attorney of record represented only appellee and did not represent him. He understood he had the right to retain his own attorney to advise him and represent his interest. Appellant did not retain his own counsel.

{¶ 15} Section 17 of the agreement states the following:

**FULL UNDERSTANDING**: This Agreement constitutes the entire agreement between the parties and supersedes any and all agreements

previously made by them prior to the signing of this agreement. Each party fully understands all of the terms set forth herein, and that all of said terms represent and constitute the entire understanding between them, and that each has thoroughly read this Agreement and finds the same to be in accordance with his and her understanding; each party does voluntarily execute this Agreement and affix his and her signature hereto in the presence of the witness indicated below.

{¶ 16} Appellant now argues because circumstances have changed, his child support should be reduced and the spousal support award should not be increased per the separation agreement.

{¶ 17} R.C. 3105.18 governs spousal support. Subsection (E)(2) specifically states in pertinent part:

> [T]he court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and * * * [i]n the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶ 18} As stated by the Supreme Court of Ohio in *Morris v. Morris,* 148 Ohio St.3d 138, 2016-Ohio-5002, ¶ 57:

In R.C. 3105.18(E), the General Assembly has established the limits of a trial court's jurisdiction to modify an award of spousal support. And a party's request for modification falls within those statutory limits only if the parties agree or the court orders that jurisdiction be reserved. In other words, the trial court must first determine whether the decree of divorce or dissolution contains a reservation of jurisdiction. If the trial court lacks jurisdiction to modify, then the inquiry of the court ends there.

{¶ 19} The separation agreement in this case expressly declined to give the trial court jurisdiction to modify the spousal support award. Pursuant to *Morris,* "the inquiry of the court ends there." The trial court in fact reduced appellant's child support obligation as requested, and then increased the spousal support obligation to conform to Section 5.3 of the separation agreement, an agreement appellant acknowledged reading and understanding.

{¶ 20} Appellant argues the trial court failed to consider the increased health care premiums and childcare expenses he pays out. Appellant did not raise this issue in his objections. While he mentioned having to pay increased health care premiums and childcare expenses, appellant objected to the magistrate's finding on the enforceability of Section 5.3 of the separation agreement. In his supplemental objections filed August 19, 2021, appellant specifically stated he "confirms that he does not object to the remaining

conclusions made by the Court in its Decision dated June 9, 2021."  "Failure to raise an issue before the trial court operates as a waiver of a party's right to assert such for the first time on appeal."  *In re Adoption of C.A.H.,* 5th Dist. Knox No. 19 CA 000037, 2020-Ohio-1260, ¶ 18, citing *Hadley v. Figley,* 5th Dist. Ashland App. No. 15-COA-001, 2015-Ohio-4600, ¶ 22.  Appellant has not argued plain error.  Civ.R. 53(D)(3)(b)(iv).

{¶ 21} Upon review, we find the trial court did not abuse its discretion in this matter.

{¶ 22}  Assignments of Error I, II, and III are denied.

{¶ 23} The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division, is hereby affirmed.

By Wise, Earle, P.J.

Wise, John, J. and

Baldwin, J. concur.


EEW/db