[Cite as *Nolan v. Wetzel*, 2022-Ohio-4382.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| KATHRYN L. NOLAN, ET AL | : | Hon. Earle E. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiffs-Appellants | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 22AP0001 |
| MAYOR R.D. WETZEL, ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | OPINION |

CHARACTER OF PROCEEDING:     Civil appeal from the Morgan County Court
of Common Pleas, Case No. 20CV0189

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 8, 2022

APPEARANCES:

For Plaintiffs-Appellants

ANN VOSBURG Pro Se
KATHRYN L. NOLAN
7640 Marion Street
Chesterhill, OH 43728

For Defendants-Appellees

PAUL-MICHAEL LAFAYETTE
CARA M. WRIGHT
65 East State Street, Ste. 2550
Columbus, OH 43215

*Gwin, J.,*

{¶1} Appellants Kathryn Nolan and Ann Vosburg appeal the December 23, 2021 judgment entry of the Morgan County Court of Common Pleas granting appellees' motion for summary judgment.

*Facts & Procedural History*

{¶2} Appellant Kathryn Nolan resides in the Village of Chesterhill in a home owned by a friend, appellant Ann Vosburg. In 2007, a magistrate at the mayor's court found Nolan in violation of Village Ordinance 06-7-2 (nuisance code) concerning upkeep of the property, and ordered her to pay $725.00 in fines and costs. When Nolan failed to pay the fines and court costs, the magistrate found Nolan in contempt of court and sentenced her to ten days in jail, but gave her thirty days to pay the fine and purge her contempt. The magistrate also instructed Councilman Kenneth Peters to give Nolan a list of the violations that needed to be corrected. Nolan met with Councilman Peters and received the list of violations needing correction. Nolan failed to pay the fine or complete the tasks within thirty days. Several weeks later, Nolan began paying the fine in $10.00 increments. The magistrate issued a bench warrant. Nolan was arrested and spent several days in jail.

{¶3} On December 4, 2020, appellants filed a complaint against appellees the Village of Chesterhill ("Village"), R.C. Wetzel (mayor), John Wells (Chesterhill Village attorney), Gordon Armstrong (Village Administrator), and Jerica Simmons (Village Fiscal Officer). The complaint alleges appellees have denied appellants records they requested "over and over" under the Sunshine Laws. In the complaint, appellants state, "plaintiffs request the records be at once delivered to them from defendants."

{¶4} Appellees filed an answer on January 25, 2021. Appellees filed a motion for summary judgment on November 2, 2021. Appellants filed a memorandum in opposition on November 30, 2021.

{¶5} Appellees filed a reply brief on December 10, 2021. Attached to their reply brief is the affidavit of Jerica Simmons, the Village Clerk and Fiscal Officer since 2017. Simmons avers she is the designated records custodian for the Village. She further states that on September 24, 2020, she compiled all of the records responsive to a request from Nolan and gave the records to Nolan.

{¶6} The trial court issued a judgment entry on December 23, 2021, granting appellees' motion for summary judgment. The court construed appellants' complaint as a mandamus action seeking the production of records. The trial court found the complaint is deficient on its face for failing to allege a clear legal right to the requested records or a clear legal duty on the part of appellees to produce the records.

{¶7} Appellants appeal the December 23, 2021 judgment entry of the Morgan County Court of Common Pleas and assign the following as error:

{¶8} "I. THE TRIAL COURT ERRED IN NOT DEMANDING THE DEFENDANTS/APPELLEES COMPLETE THEIR DELIVERY OF RECORDS REQUESTED.

{¶9} "II. THE COURT SEEMED TO DENY VALUES INVOLVED AND COSTS OF MATERIALS AS WELL AS THE DIFFICULTY OF FINDING AGE-MATCHING TILES.

{¶10} "III. THE COURT ERRED IN CLAIMING THE PLAINTIFFS/APPELLANTS HAVE NOT PROVED A LEGAL RIGHT TO THE RECORDS STILL TO COME.

{¶11} "IV. THE COURT ERRED IN ALLOWING THE AFFIDAVIT OF THE FISCAL OFFICER JERICA SIMMONS TO GO WHEN PLAINTIFFS/APPELLANTS BOTH HEARD THE COMMENTS SHE DENIES HAVING MADE."

*Public Records & Summary Judgment Standards*

{¶12} Ohio's Public Records Act requires a public office to make copies of public records available to any person on request and within a reasonable period of time. R.C. 149.43(B)(1); *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575. The Ohio Supreme Court construes the Public Records Act as "liberally in favor of broad access" to public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 662 N.E.2d 334 (1996).

{¶13} Under R.C. 149.43(C)(1)(b), a mandamus action is the remedy for a person denied access to a public record. "To prevail on a claim for mandamus relief in a public-records case, a party must establish a clear legal right to the requested relief and a corresponding clear legal duty on the part of the respondents to provide that relief." *State ex rel. Penland v. Ohio Dept. of Rehabilitation and Correction*, 158 Ohio St.3d 15, 2019-Ohio-4130, 139 N.E.3d 862, citing *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553.

{¶14} Civil Rule 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or

stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶15} A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. Of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶16} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

## I. & III.

{¶17} In their first and third assignments of error, appellants contend the trial court committed error in granting appellees' motion for summary judgment because they are entitled to the records.

{¶18} "It is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208.

{¶19} In their complaint, appellants do not identify what records they seek. However, in their opposition to appellees' motion for summary judgment, they state they are seeking the following records:  photographs cropped and enlarged from the mayor's court, including the judge's notes on the back of each photograph; prison records from Nolan's ten-day incarceration; the "contract" the village had with dustman Dustin Parsons; the letter asked for by Parsons defending him and his right to come on the property written by a lawyer and paid for by the Village; anything written by Village Administrator Armstrong who told Parsons he could take anything "not nailed down"; and any written orders to Simmons ordering her to "give Kathryn Nolan * * * nothing."

{¶20} With regards to the request for photographs with judge's notes on the back, the Ohio Supreme Court has ruled that a judge's personal, handwritten notes made during the course of trial are not public records. *State ex rel. Steffen v. Kraft*, 67 Ohio St.3d 439, 1993-Ohio-32, 619 N.E.2d 688; *State ex rel. Summers v. Fox*, 163 Ohio St.3d 217, 2020-Ohio-5585, 169 N.E.3d 625.  The notes are "simply personal papers kept for the judge's own convenience and not official records." *Id.*  Further, Simmons states in her affidavit that there were no photographs in the mayor's court file.  Appellees have "no duty to

create or provide access to nonexistent records." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530. Appellants provide no Civil Rule 56 evidence to rebut Simmons' averment. Accordingly, the trial court did not commit error in granting appellees' motion for summary judgment on this claim.

{¶21} As to appellants' request for a "letter asked for by Dustin Parsons defending him and his right to come on the property written by a lawyer paid for the Village," Simmons avers in her affidavit that no such record exists. Appellants provide no Rule 56 evidence to dispute this assertion. Appellees have "no duty to create or provide access to nonexistent records." *Id.* Further, Ohio courts have consistently recognized that "[r]ecords of communications between attorneys and their state-government clients pertaining to the attorneys' legal advice are excepted from disclosure under R.C. 149.43(A)(1) since the release of these records is prohibited by state law" – i.e., they are protected by this state's attorney-client privilege. *State ex rel. Thomas v. Ohio State Univ.*, 71 Ohio St.3d 245, 643 N.E.2d 126 (1994); *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990; *State ex rel. Hicks v. Fraley*, 166 Ohio St.3d 141, 2021-Ohio-2724, 184 N.E.2d 13. Accordingly, the trial court did not commit error in granting appellees' summary judgment on this claim.

{¶22} As to appellants' request for "prison records from Nolan's ten-day incarceration," Simmons avers in her affidavit that the Village is not in possession of any records with regards to Nolan's incarceration. Appellants failed to produce any evidentiary quality materials to rebut this assertion. Appellees have "no duty to create or provide access to nonexistent records." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530.

{¶23} Further, the mayor's court proceeding and subsequent incarceration of Nolan were the subject of a case filed by Nolan in federal district court. Appellees attached to their motion for summary judgment several judgment entries from the district court in the Southern District of Ohio. Nolan filed a lawsuit against Mayor Wetzel, the Village, the Chesterhill Council members, Magistrate John Wells, the Morgan County Sheriff, and two police officers, in the District Court for the Southern District of Ohio. Nolan filed the case pursuant to 11 U.S.C. § 1983 and alleged her constitutional rights were violated by the defendants in connection with her false arrest and imprisonment. *Nolan v. Jenkins*, S.D. Ohio No. 2:09-CV-942, 2011 WL 13130847 (Dec. 9, 2011).

{¶24} During the course of the litigation, Nolan filed a motion to compel, seeking the "whole and complete file" of her case in mayor's court and "all documents related to her incarceration." The district court denied her motions to compel, accepting the defendants "repeated representations that all responsive documents in their possession have been produced. The Court can compel nothing more." The district court also entered summary judgment in favor of defendants on Nolan's § 1983 claim. *Nolan v. Jenkins*, S.D. Ohio No. 2:09-cv-942, 2012 WL 12887884 (March 26, 2012). Nolan appealed the district court's dismissal of her 11 U.S.C. § 1983 claim to the Sixth Circuit Court of Appeals, but did not appeal the court's finding on the motions to compel. The Sixth Circuit Court of Appeals affirmed the district court's dismissal of the case. *Nolan v. Jenkins*, 6th Cir. No. 12-3435, 2013 WL 69262 (Jan. 8, 2013).

{¶25} The Ohio Supreme Court has held, "a claim litigated to finality in the United States District Court cannot be relitigated in a state court when the state claim involves

the identical subject matter previously litigated in federal court, and there is * * * no issue of party or privity." *Rogers v. City of Whitehall*, 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986).

**{¶26}** Res judicata can be divided into two different subparts: claim preclusion and issue preclusion. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Claim preclusion holds that a valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.* Issue preclusion precludes relitigation of "any issue that has been actually and necessarily litigated and determined in a prior action." *Fort Frye Teachers Assn. v. State Emp. Rels. Bd.*, 81 Ohio St.3d 392, 692 N.E.2d 140 (1998). An issue "that was actually and directly at issue in a previous action, that was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privities, whether the cause of action in the two actions be identical or different." *Id.* In applying the doctrine of issue preclusion, the causes of action do not have to be identical, so long as the issue has been actually and directly litigated. *Id.*

**{¶27}** We find the doctrine of issue preclusion applies in this case. The issue of whether appellees produced the mayor's court file and any records they had with respect to Nolan's incarceration was actually and directly litigated by the district court, a court of competent jurisdiction, in a previous action. This action (the subsequent action) is between the same parties or their privities.

**{¶28}** Further, Simmons avers in her affidavit that she personally provided appellants with a complete copy of the mayor's file, including the ledger sheets of payments made by Nolan on the fines levied, and copies of the Village Ordinance

regarding the maintenance requirements for properties in the village, in September of 2020. Appellees attached a copy of these documents to their motion for summary judgment. "A respondent meets its burden of proving that a public records claim is moot by providing an affidavit that the requested public records in her possession have been provided." *State ex rel. Conley v. Park*, 5th Dist. Stark No. 2014CA00169, 2016-Ohio-5199. Appellants did not provide any Civil Rule 56 evidence to dispute Simmons' averment. Since the records have been provided, the claim is moot. Accordingly, the trial court did not commit error in granting summary judgment to appellees on this claim.

{¶29} As to the "contract" between the Village and Parsons, Simmons avers in her affidavit that she provided appellants with a copy of the resolution passed by Village Council retaining Parsons and a copy of the Village meeting minutes approving payment of Parsons' legal fees related to appellants' prior lawsuit against the Village and Parsons. "A respondent meets its burden of proving that a public records claim is moot by providing an affidavit that the requested public records in her possession have been provided." *State ex rel. Conley v. Park*, 5th Dist. Stark No. 2014CA00169, 2016-Ohio-5199. Appellants did not provide any Civil Rule 56 evidence to dispute Simmons' averment. Since the records have been provided, the claim is moot. Accordingly, the trial court did not commit error in granting summary judgment to appellees on this claim.

{¶30} Finally, with regards to anything written from Armstrong to Parsons, and any written orders to Simmons ordering her to "give Kathryn Nolan * * * nothing," Simmons stated in her affidavit that the Village is not in possession of anything written by Armstrong telling Parsons he could take anything "not nailed down" or any written orders from anyone telling Simmons to "give Kathryn Nolan nothing." Appellants provide no Rule 56

evidence to dispute these averments. Appellees have "no duty to create or provide access to nonexistent records." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530. Accordingly, the trial court did not commit error in granting appellees' summary judgment on these claims.

**{¶31}** Based on the foregoing, appellants' first and third assignments of error are overruled.

II.

**{¶32}** In appellants' second assignment of error, they state, "the court seemed to deny values involved and costs of materials as well as the difficulty of finding age-matching tiles." Appellants make no argument in this section, other than to state that "we have been stripped of our materials obtained to redo and repair our home by the Defendants/Appellees at the behest principally of the Mayor, R.D. Wetzel."

**{¶33}** Appellants failed to raise this issue in the trial court in either their complaint or their response to the motion for summary judgment. Their complaint only includes a cause of action pursuant to the "Sunshine Act," and asks the court to order the delivery of the records from the defendants. There was nothing in the complaint or response to the motion for summary judgment regarding the "stripping" of materials, the costs of materials, or age-matching tiles. "Failure to raise an issue before the trial court operates as a waiver of a party's right to assert such for the first time on appeal." *Freeman v. Freeman*, 5th Dist. Delaware No. 22CAF020013, 2022-Ohio-3222; *In re Adoption of C.A.H.*, 5th Dist. Knox No. 19 CA 000037, 2020-Ohio-1260, citing *Hadley v. Figley*, 5th Dist. Ashland No. 15-COA-001, 2015-Ohio-4600. Appellants have not argued plain error. Civ.R. 53(D)(3)(b)(iv).

**{¶34}** Appellants' second assignment of error is overruled.

IV.

**{¶35}** In their fourth assignment of error, appellants state the trial court "erred in allowing the affidavit of Simmons to go" because Simmons' assertion that she never said she had been told "we don't have to give you anything" is untrue.

**{¶36}** However, appellants' argument is unsupported by evidentiary quality materials as required by Civil Rule 56. *Wells Fargo Bank, N.A. v. Cogar*, 5th Dist. Ashland No. 12-COA-022, 2013-Ohio-311. Rule 56(C) states that "no evidence or stipulation may be considered except as stated in this rule."

**{¶37}** In their reply brief, appellants state they did not have a chance to respond to Simmons' affidavit because the affidavit was presented for the first time in appellees' reply brief to their motion for summary judgment. However, appellants did not attempt to strike the affidavit, nor did they seek leave to file a sur-reply. This Court has previously held that when an appellant does not attempt to strike or seek leave to file a sur-reply, appellant waives any error. *Carrico v. Bower Home Inspection, LLC,* 5th Dist. Knox No. 16CA21, 2017-Ohio-4057; *Edwards v. Perry Twp. Board of Trustees*, 5th Dist. Stark No. 2015CA00107, 2016-Ohio-5125; *Campagna-McGuffin v. Diva Gymnastics Academy, Inc.*, 5th Dist. Stark No. 2022 CA 00057, 2022-Ohio-3885. Accordingly, we find appellants waived any error by failing to move to strike the affidavit or seeking leave to file a sur-reply.

**{¶38}** Appellants fourth assignment of error is overruled.

**{¶39}** Based on the foregoing, appellants' assignments of error are overruled.

{¶40} The December 23, 2021 judgment entry of the Morgan County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, Earle, P.J., and

Baldwin, J., concur